IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01916-PAB-TPO

M. ALEXANDER DRAKE,

     Plaintiff,

v.

AMERISURE PARTNERS INSURANCE COMPANY,

     Defendant.

_____

**ORDER**
_____

The matter before the Court is the Motion to Dismiss Plaintiff's Second Amended Complaint [Docket No. 55]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**I. BACKGROUND[1]**

On September 24, 2021, plaintiff M. Alexander Drake was the driver of a vehicle that was negligently struck by a vehicle driven by Rodolfo Reyes-Caraveo. Docket No. 54 at 2, ¶ 8. As a result of the motor vehicle accident, Mr. Drake sustained serious and ongoing injuries. *Id.* at 3, ¶ 15. Mr. Drake has incurred over $250,000 in medical expenses and will incur future medical expenses for injuries attributable to the accident. *Id.*, ¶ 17. Mr. Drake, after receiving permission from defendant Amerisure Partners Insurance Company ("Amerisure"), settled with Mr. Reyes-Caraveo for $50,000, the

_____

[1] The following facts are taken from plaintiff's second amended complaint, Docket No. 54, and are presumed true for the purpose of ruling on defendant's motion to dismiss.

policy limit on Mr. Reyes-Caraveo's insurance.  *Id.* at 2, ¶ 9.  The settlement with Mr.

Reyes-Caraveo was not enough to make Mr. Drake whole.  *Id.*, ¶ 10.

Mr. Drake has an Underinsured Motorist ("UIM") policy with Amerisure, which

was in effect at the time of the accident.  *Id.*, ¶ 12.  The policy provides UIM benefits of

up to $1,000,000 per accident.  *Id.*, ¶ 13.  In May 2022, Mr. Drake made a demand for

payment of UIM benefits under the Amerisure policy.  *Id.* at 2-3, ¶ 14.  On February 1,

2023, Amerisure sent Mr. Drake a letter denying his claim.[2]  *Id.* 3-4, ¶ 19.  In the letter,

Amerisure states:

> The Commercial Auto Policy issued by Amerisure to Plumbline provided
> uninsured/underinsured motorist ("UM/UIM") coverage at the time of Mr. Drake's
> collision.  The Commercial Auto Policy includes a workers' compensation
> provision that excludes from coverage "[a]ny obligation for which the 'insured' or
> the 'insured's' insurer may be held liable under any workers' compensation,
> disability benefits or unemployment compensation law or any similar law."  In

---

[2] Mr. Drake's complaint alleges that the letter was sent on either February 23,
2023 or February 27, 2023.  Docket No. 54 at 3, 9, ¶¶ 19, 46.  Amerisure attaches to its
motion to dismiss a copy of the letter, which shows that the letter is dated February 1,
2023 and was delivered on February 6, 2023.  Docket No. 55-1 at 2-5.  Generally, a
court should not consider evidence beyond the pleadings when ruling on a Rule
12(b)(6) motion, *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019),
and if the court considers matters outside the complaint, "the motion must be treated as
one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  However, the Tenth
Circuit has recognized a "limited exception" to this rule: the "district court may consider
documents referred to in the complaint if the documents are central to the plaintiff's
claim and the parties do not dispute the documents' authenticity."  *Waller*, 932 F.3d at
1282 (citation omitted); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130
F.3d 1381, 1384 (10th Cir. 1997) (recognizing that "if a plaintiff does not incorporate by
reference or attach a document to its complaint, but the document is referred to in the
complaint and is central to the plaintiff's claim, a defendant may submit an indisputably
authentic copy to the court to be considered on a motion to dismiss").  Here, the letter is
referenced in Mr. Drake's complaint, Docket No. 54 at 3, 9, ¶¶ 19, 46, and Mr. Drake
does not challenge the authenticity of the copy attached to Amerisure's motion to
dismiss.  *See* Docket No. 60.  Therefore, the Court will consider Amerisure's letter
without converting the motion to one for summary judgment.  Moreover, the letter
contradicts Mr. Drake's allegation that Amerisure did not respond to his demand until
February 23, 2023.  Regardless, the exact date on which Amerisure responded to Mr.
Drake's demand does not alter the Court's analysis.

addition, the Policy excludes from UM/UIM coverage "[t]he direct or indirect
benefit of any insurer or self-insurer under any workers' compensation, disability
benefits or similar law."

Although Amerisure is sympathetic to Mr. Drake's alleged injuries and damages,
Amerisure respectfully denies Mr. Drake's claim/demand for underinsured
motorist benefits because the exclusion provisions and immunity principles of the
Workers' Compensation Act of Colorado ("WCA"), Colo Rev. Stat. §§ 8-41-101,
et seq., bar Mr. Drake from recovering underinsured motorist benefits from his
employer's insurance carrier after he has received workers' compensation
benefits, even though his injury was caused by a third-party tortfeasor.  This bar
from recovering underinsured motorist benefits is confirmed by the case of *Ward
v. Acuity*, No. 21-cv-00765-CMA-NYW, 591 F.Supp.3d 1003 (D. Colo. March 18,
2022).

This bar is further confirmed by Judge Volz' recent grant of summary judgment in
the Colorado District Court case of *Martin v. The Travelers Indemnity Co.*, 2022-
cv-30414 (Arapahoe County, Colorado December 28, 2022).  Both the *Ward* and
*Martin* decisions rely heavily on the Colorado Supreme Court decision in the
case of *Ryser v. Shelter Mut. Ins. Co.*, 2021 CO 11.

Because an injured employee cannot recover underinsured motorist benefits
from his employer's insurance carrier after he has received workers'
compensation benefits, Mr. Drake is not entitled to recover underinsured motorist
benefits under Plumbline's Commercial Auto Policy.  Thus, Amerisure must
respectfully deny Mr. Drake's underinsured motorist claim.

*Id.*

     Mr. Drake claims that Amerisure's denial of his claim was in contravention of

Colorado law.  *See id.* at 4, ¶ 21.  Specifically, he alleges that, in 1995, the Colorado

Supreme Court held in *Aetna Casualty & Sur. Co. v. McMichael*, 906 P.2d 92 (Colo.

1995), that the Colorado Workers' Compensation Act does not bar an injured worker

from pursuing UM/UIM benefits as a result of a motor vehicle collision with a third-party.

*Id.*

     On June 29, 2023, Mr. Drake filed suit in the District Court of Boulder County,

Colorado.  Docket No. 6.  Mr. Drake brought one claim for breach of contract and one

claim of statutory bad faith for Amerisure's denial of his insurance claim.  *Id.* at 4-9,

3

¶¶ 22-49.  On July 27, 2023, Amerisure removed the case to federal court.  Docket No.

1.  On October 25, 2023, Mr. Drake filed an amended complaint, which brought the

same claims for relief.  Docket No. 29.

On November 20, 2023, Amerisure moved to stay proceedings in this case.

Docket No. 33.  Amerisure explained that the Colorado Supreme Court had agreed to

answer the following certified question of law in *Klabon v. Travelers Prop. Cas. Co. of

Am.*, No. 23SA142 (Colo. 2023):

> Whether an employee injured in the course of his employment by the acts of an
> underinsured or uninsured third-party tortfeasor, and who receives worker's
> compensation benefits as a result, is barred, under Colorado's Workers'
> Compensation Act, Colo. Rev. Stat. § 8-41-104, from bringing suit against his
> employer's UM/UIM insurer?

*Id.* at 4; *see also Klabon v. Travelers Prop. Cas. Co. of Am.*, 674 F. Supp. 3d 1031,

1032 (D. Colo. 2023) (certifying question of law to Colorado Supreme Court).

Amerisure argued that, because the legal question appeared dispositive of Mr. Drake's

claims, the Court should stay proceedings until the Colorado Supreme Court answered

the question.  *Id.* at 6-9.  The Court granted Amerisure's motion to stay.  Docket No. 45.

The case was reopened on October 11, 2024, after the Colorado Supreme Court

answered the certified question of law.  Docket No. 48.

On November 7, 2024, Mr. Drake filed a second amended complaint.  Docket

No. 54.  In the second amended complaint, Mr. Drake alleges that the Colorado

Supreme Court answered the certified question of law favorably to Mr. Drake.  *Id.* at 5,

¶ 22.  Specifically, he claims that the *Klabon* court held that an injured worker receiving

workers' compensation benefits as a result of a collision with a third-party tortfeasor is

entitled to UM/UIM benefits.[3]  *Id.*; *see also Klabon v. Travelers Prop. Cas. Co. of Am.*, 556 P.3d 793, 797-98 (Colo. 2024).  The second amended complaint brings three claims for relief.  *Id.* at 5-11, ¶¶ 26-61.  Mr. Drake titles his claims as follows: "Breach of Contract – Statutory Bad Faith"; "Unreasonable Delay and/or Denial of Benefits-Entitling First Party Claimant to Recover Reasonable Attorney's Fees and Court Costs, and Two Times the Covered Benefit"; and "Common Law Bad Faith."  *Id.*

On November 25, 2024, Amerisure moved to dismiss Mr. Drake's second amended complaint.  Docket No. 55.  Mr. Drake responded on January 10, 2025, Docket No. 60, and Amerisure replied on February 7, 2025.[4]  Docket No. 65.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the

---

[3] In the briefing, both parties attempt to add facts and evidence that are not included in Mr. Drake's second amended complaint.  *See*, *e.g.*, Docket No. 55 at 3, ¶ 3; Docket No. 60 at 3.  For example, Amerisure asserts that it tendered payment of the $1 million UIM policy limit to Mr. Drake on October 23, 2024.  Docket No. 55 at 1. However, in considering Amerisure's motion to dismiss, the Court is limited to the allegations in Mr. Drake's complaint.  *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.") (citation omitted).  Therefore, the Court will not consider parties' assertions of fact not included in Mr. Drake's complaint.

[4] Amerisure's reply brief was due on January 24, 2024.  On January 24, 2024, Amerisure filed an unopposed motion to extend the deadline to file its reply and requested an extension to February 7, 2025.  Docket No. 64.  Because the motion is unopposed, the Court grants the motion for an extension of time and will consider Amerisure's reply.

facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III. ANALYSIS

### A. <u>First and Second Claims for Relief</u>

Mr. Drake's first claim for relief is confusingly titled "Breach of Contract –
Statutory Bad Faith," Docket No. 54 at 5, suggesting that it encompasses two distinct
causes of action. As part of the allegations in the first claim, Mr. Drake alleges that
"Amerisure's continued bad faith denial of UIM benefits established Plaintiff's rights to
recover under §10-3-1116(1)." *Id.* at 6, ¶ 31. However, he also claims that Amerisure
owed Mr. Drake duties under the policy's implied covenant of good faith and fair
dealing. *Id.*, ¶¶ 29-30. He further alleges that Amerisure breached the duty of good
faith and fair dealing by unreasonably denying payment of Mr. Drake's UIM benefits. *Id.*
at 8, ¶¶ 43-44. Mr. Drake's second claim for relief is titled "Unreasonable Delay and/or
Denial of Benefits-Entitling First Party Claimant to Recover Reasonable Attorney's Fees
and Court Costs, and Two Times the Covered Benefit." *Id.* at 9. The second claim
states that it is made pursuant to Colo. Rev. Stat. § 10-3-1116(1). *Id.*, ¶ 47.

Because Mr. Drake partly titles his first claim as a "Statutory Bad Faith" claim and
because the claim specifically references § 10-3-1116(1), Amerisure construes Mr.
Drake's first claim as a statutory bad faith claim. Docket No. 55 at 9. Mr. Drake
responds that his first claim is for breach of the duty of good faith and fair dealing arising
from Mr. Drake's contract with Amerisure. Docket No. 60 at 6. The Court construes Mr.
Drake's first claim for relief as a combined claim for breach of the implied duty of good
faith and fair dealing and for statutory bad faith. The Court will consider first Mr. Drake's
claim for breach of the duty of good faith and fair dealing. The Court will then evaluate
Mr. Drake's first and second claims as one claim for statutory bad faith.

### 1. Breach of the Duty of Good Faith and Fair Dealing

Under Colorado law, "every contract contains an implied duty of good faith and

fair dealing." *Univ. of Denver v. Doe*, 547 P.3d 1129, 1140 (Colo. 2024) (citation

omitted). "The covenant may be relied upon only when the manner of performance

under a specific contract term allows for discretion on the part of either party." *Id.*

(citation omitted). "Discretion in performance occurs when the parties, at formation,

defer a decision regarding performance terms of the contract leaving one party with the

power to set or control the terms of performance after formation." *Ohio Ambulance*

*Sols. LLC v. Am. Med. Response Ambulance Serv., Inc.*, No. 22-cv-00661-STV, 2023

WL 6314563, at *5 (D. Colo. Sept. 28, 2023) (quoting *City of Golden v. Parker*, 138 P.3d

285, 292 (Colo. 2006) (internal quotation omitted)). "The implied covenant cannot,

however, be used to impose obligations that conflict with the express terms of the

agreement or to inject substantive terms into the contract." *TBM Land Conservancy,*

*Inc. v. Nextel W. Corp.*, 131 F. Supp. 3d 1130, 1136 (D. Colo. 2015) (citation and

quotation omitted).

Insurers "have common law duties to deal in good faith with their insureds."

*Stewart v. Am. Fam. Mut. Ins. Co., S.I.*, 744 F. Supp. 3d 1198, 1202 (D. Colo. 2024)

(citing *Am. Fam. Mut. Ins. Co. v. Allen*, 102 P.3d 333, 342 (Colo. 2004)). Courts in this

district have found that a claim for breach of the covenant of good faith and fair dealing

is subject to the same analysis as a claim for bad faith breach of an insurance contract.

*Yale Condominiums Homeowner's Ass'n, Inc. v. Am. Fam. Mut. Ins. Co., S.I.*, No. 19-

cv-02477-KMT, 2021 WL 1222518, at *5 (D. Colo. Apr. 1, 2021) ("The tort liability

inherent in a breach of contract claim is subject to the same analysis as a common law

or statutory tort claim for insurance bad faith." (citing *Williams v. Auto-Owners Ins. Co.*,

No. 12-cv-00999-MSK-CBS, 2014 WL 12537030, at *4 (D. Colo. Mar. 25, 2014), *aff'd*,

621 F. App'x 914 (10th Cir. 2015) (unpublished) (explaining that "all three claims

[contract breach of good faith and fair dealing, common law bad faith, and statutory bad

faith] . . . share a common element" that require a plaintiff to establish that the insurer's

failure to pay under an insured's policy "was unreasonable and bad faith conduct"); *see*

*also Babayev v. Hertz Corp.*, 548 P.3d 1180, 1186 (Colo. App. 2024) ("The common law

bad faith breach of an insurance contract claim requires a breach of the duty of good

faith and fair dealing."); *Warren v. Liberty Mut. Fire Ins. Co.*, No. 05-cv-01891-PAB-

MEH, 2011 WL 1103160, at *10 (D. Colo. Mar. 24, 2011) (analyzing together claims for

breach of the duty of good faith and fair dealing and for bad faith); *cf. Healy-Petrik v.*

*State Farm Fire & Cas. Co.*, 2020 WL 6273771, at *2 (D. Utah Oct. 26, 2020) ("The

terms 'bad faith' and 'breach of good faith and fair dealing' are used interchangeably in

Utah contract cases.").  To state a claim for breach of the implied duty of good faith and

fair dealing, Mr. Drake must plausibly allege that Amerisure unreasonably delayed or

denied payment of his UIM benefits.  *See Cooper v. Shelter Gen. Ins. Co.*, 653 F. Supp.

3d 873, 878 (D. Colo. 2023) (statutory and common law bad faith claims require plaintiff

to allege insurer "unreasonably delay or deny payment of a claim for benefits"); *see also*

*Hyden v. Farmers Ins. Exch.*, 20 P.3d 1222, 1226 (Colo. App. 2000).

    The determination of whether an insurer has breached its duties to the insured is

one of reasonableness under the circumstances.  *Estate of Morris v. COPIC Ins. Co.*,

192 P.3d 519, 523 (Colo. App. 2008).  In other words, the question is whether a

reasonable insurer under similar circumstances would have denied or delayed payment

of the claim.  *Id.*  The reasonableness of an insurer's conduct must be determined

objectively, based on proof of industry standards.  *Travelers Ins. Co. v. Savio*, 706 P.2d

1258, 1274 (Colo. 1985).  "In Colorado, acting 'without a reasonable basis' has been

construed to mean pursuing a groundless position that is not supported by credible

evidence."  *Cooper*, 653 F. Supp. 3d at 878 (citation omitted).

      The complaint alleges that Mr. Drake made a demand for UIM benefits from

Amerisure in May 2022.  Docket No. 54 at 2-3, ¶ 14.  Mr. Drake alleges that he received

a letter explaining Amerisure's denial of his claim on February 1, 2023.  *Id.* 3-4, ¶ 19.

He claims that the letter was inconsistent with the then-current state of Colorado law

under *McMichael*, 906 P.2d 92.  *Id.* at 4, ¶ 21.  Mr. Drake further alleges that

Amerisure's position was proven wrong by the Colorado Supreme Court's holding in

*Klabon*.  *Id.* at 5, ¶ 22.

      The complaint alleges that Amerisure's conduct violated industry standards by

violating the Unfair Claims Settlement Practices Act, Colo. Rev. Stat. § 10-3-1101, *et.*

*seq.*  *Id.* at 6-7, ¶ 33; *see also Stoole v. Metro. Prop. & Cas. Ins. Co.*, No. 17-cv-00613-

NYW, 2018 WL 4923939, at *2 (D. Colo. Oct. 10, 2018) ("the Unfair Claims Settlement

Practices Act ('UCSPA') may be valid, though not conclusive, evidence of industry

standards."); *MacKinney v. Allstate Fire & Cas. Ins. Co.*, No. 16-cv-01447-NYW, 2017

WL 3397361, at *6 (D. Colo. Aug. 8, 2017) (section 10-3-1104(1)(h) can provide

"evidence of the applicable standard of care"); *Etherton v. Owners Ins. Co.*, 829 F.3d

1209, 1225 (10th Cir. 2016) ("In determining whether an insurer's delay or denial was

reasonable, the jury may be instructed that willful conduct of the kind set forth in section

10-3-1104(1)(h)(I) to (1)(h)(XIV) is prohibited and may be considered if the delay or

denial and the claimed injury, damage, or loss was caused by or contributed to by such

prohibited conduct." (citing Colo. Rev. Stat. § 10-3-1104(1)(h)).  Specifically, Mr. Drake

alleges that Amerisure violated the Unfair Claims Settlement Practices Act by:

> A. Misrepresenting pertinent facts and law or insurance policy provisions to coverages at issue;
>
> B. Failing to acknowledge and act reasonably and promptly upon communications with respect to claims arising under insurance policies;
>
> C. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
>
> D. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;
>
> E. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;
>
> F. Refusing to pay claims without conducting a reasonable investigation based upon all available information;
>
> G. Failing to promptly provide a reasonable explanation in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and/or
>
> H. Issuing, soliciting, or using an automobile policy form, endorsement, or notice form that does not comply with statutory mandates.

Docket No. 54 at 6-7, ¶ 33.

The Court finds that Mr. Drake's complaint includes no facts that make plausible

his allegations that Amerisure failed to adopt and implement reasonable standards for a

prompt investigation of Mr. Drake's claim or that Amerisure used an automobile policy

form, endorsement, or notice form that does not comply with statutory mandates.  *See*

*id.*, ¶¶ 33(C), 33(H).  As such, these allegations are not well pled and do not create a

plausible claim for relief.  *Khalik*, 671 F.3d at 1190 (allegations must include enough

factual matter to make claims plausible).

The remainder of Mr. Drake's allegations regarding violations of the Unfair Claims Settlement Practices Act can be divided into two categories: (1) allegations that Amerisure failed to promptly respond to Mr. Drake's May 2022 demand for UIM benefits before February 2023, Docket No. 54 at 6-7, ¶¶ 33(B), 33(G); and (2) allegations that, from February 2023 until Mr. Drake filed suit, Amerisure unreasonably relied on a misinterpretation of Colorado law. *Id.*, ¶¶ 33(A), 33(D)-(F).  The Court will consider each category separately.

### a.  Interpretation of Colorado Law

Amerisure argues that, regardless of whether Mr. Drake's first claim for relief is brought as a claim for breach of the duty of good faith and fair dealing or as a claim for statutory bad faith, Mr. Drake has failed to plausibly allege that it denied Mr. Drake's UIM claim without a reasonable basis.  Docket No. 65 at 3.  Amerisure acknowledges that, in *Klabon*, the Colorado Supreme Court decided that an insured who received workers' compensation is not disqualified from also receiving UIM benefits.  Docket No. 55 at 12-13; *see also Klabon*, 556 P.3d at 805 ("an employee who is injured in the course of their employment by the acts of an uninsured or underinsured third-party tortfeasor, and who receives workers' compensation benefits because of that injury, is not barred under section 8-41-102 from also bringing a suit to recover damages against their employer's UM/UIM insurance carrier").  Amerisure further agrees that this conclusion is inconsistent with the position Amerisure took in its February 2023 letter denying Mr. Drake's UIM claim.  Docket No. 55 at 13.  However, Amerisure maintains that, prior to *Klabon*, courts had split over whether an insured was entitled to UIM benefits under circumstances similar to this case.  *Id.* at 11; *see also Klabon*, 556 P.3d at 799 ("conflicting precedent interpreting and applying the language of the WCA's

12

immunity and exclusivity provisions" had developed).  As discussed in Amerisure's February 2023 letter, a Colorado federal district court in *Ward v. Acuity*, 591 F. Supp. 3d 1003, 1007 (D. Colo. 2022), found that a plaintiff could not receive both UIM benefits and workers' compensation.  A Colorado state district court reached the same conclusion in *Martin v. The Travelers Indemnity Co.*, No. 2022cv20414, Div. 202 (Colo. Dist. Ct. Dec. 28, 2022).  Amerisure asserts that it was not unreasonable for it to rely on these cases to deny Mr. Drake's claim.  Docket No. 55 at 14.

"What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury."  *Gardner v. State Farm Mut. Auto. Ins. Co.*, 639 F. Supp. 3d 1158, 1163 (D. Colo. 2022) (quoting *Vaccaro v. Am Family Ins. Grp.*, 275 P.3d 750, 759 (Colo. App. 2012); citing *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 497 (Colo. App. 2011)).  However, "in appropriate circumstances, as when there are no genuine issues of material fact, reasonableness may be decided as a matter of law."  *Id.* (quoting *Vaccaro*, 275 P.3d at 759).  "When the rationale for not paying insurance benefits is based on an insurer's interpretation of the applicable law, the application of the standards for bad faith and wil[l]ful and wanton breach of contract is a matter of law for the court, and not a question of fact for a jury."  *Fincher ex rel. Fincher v. Prudential Prop. And Cas. Ins. Co.*, No. 00-cv-02098-REB-MJW, 2007 WL 2936312, at *8 (D. Colo. Oct. 9, 2007), *aff'd*, 374 F. App'x 833 (10th Cir. 2010) (unpublished); *Morris v. Paul Revere Life Ins. Co.*, 109 Cal. App. 4th 966, 973 n.1 (2003) ("We recognize there are numerous cases reciting that 'reasonableness' of a defendant's conduct is a factual question for the jury.  However, the reasonableness of the legal position taken by Paul

Revere depends entirely on an analysis of legal precedent and statutory language. Those are matters of law, not facts which can effectively be ascertained by lay jurors.").

Mr. Drake argues that it was unreasonable for Amerisure to rely on *Ward* to deny his claim.  Docket No. 60 at 7-15.  He maintains that the plain text of the Workers' Compensation Act of Colorado, Colo. Rev. Stat. § 8-41-203(1)(a), is inconsistent with the holding in *Ward*.  *Id.* at 10-11.  Mr. Drake asserts that the clarity of § 8-41-203(1)(a) is evidenced by the Colorado Supreme Court's discussion of the statute in *Klabon*.  *Id.* at 11.

Mr. Drake's argument focuses exclusively on the unreasonableness of relying on *Ward* to deny Mr. Drake's claim.  However, the allegations in the complaint demonstrate that Amerisure also relied on *Martin* as an independent basis for Amerisure to deny Mr. Drake's claim.  Docket No. 54 at 3-4, ¶ 19.  Mr. Drake makes no argument as to why it was unreasonable for Amerisure to rely on *Martin*.  Second, even assuming *Ward* is inconsistent with the text of § 8-41-203(1)(a), Mr. Drake provides no support for the proposition that it was unreasonable for Amerisure to rely on case law from the District of Colorado applying Colorado law to deny Mr. Drake's claim.  *See* Docket No. 60 at 11-14.  Rather, the "most reliable method of establishing that the insurer's legal position is reasonable is to show that some judge in the relevant jurisdiction has accepted it as correct."  *Deters v. USF Ins. Co.*, 797 N.W.2d 621, 2011 WL 222533, at *11 (Iowa Ct. App. 2011) (table decision).  At most, Mr. Drake's complaint alleges that there was a split in authority between the *McMichael* decision and the decisions in *Ward* and *Martin*. Docket No. 54 at 3-4, ¶¶ 19, 21.  However, Mr. Drake points to no authority indicating that it was unreasonable for Amerisure to rely on *Ward* and *Martin* over *McMichael*.

*See Watkins v. S. Farm Bureau Cas. Ins. Co.*, 370 S.W.3d 848, 857 (Ark. App. 2009)

("In the case before us, we conclude that the trial court did not err in granting summary

judgment to Farm Bureau on the question of bad faith.  Turner sued Watkins for assault

and battery, and based on the nature of those claims, Farm Bureau took the position

that the intentional-design exclusion relieved it of its obligations to Watkins under the

policy.  Although Watkins claimed self-defense, Farm Bureau's position was not

unreasonable, as *Parker, supra,* had not been decided and because there is a split of

authority concerning the application of the exclusion when the insured asserts self-

defense.").

Mr. Drake argues that it was unreasonable for Amerisure to rely on *Ward*

because the case is "not binding."  Docket No. 60 at 4.  Mr. Drake provides no support

for the proposition that it is unreasonable to rely on opinions from the District of

Colorado because they are "not binding."  *Cf. Deters*, 2011 WL 222533, at *11 (insurer's

position is reasonable when previously adopted by a court).

Mr. Drake also argues that *Ward* conflicts with the weight of authority outside the

state of Colorado.  Docket No. 60 at 12.  Mr. Drake maintains that "there was a plethora

of readily available case law from jurisdictions across the country that supports

Plaintiff's unreasonable denial and/or delay of benefits claim."  *Id.*  He claims that his

"counsel provided Defendant with case law from numerous courts from other

jurisdictions across the country that supported Plaintiff's contention that he was entitled

to UIM coverage as he was injured by a third-party tortfeasor during the course of his

employment."  *Id.* at 5.  Mr. Drake maintains that, instead of "conducting sufficient

research on this issue of whether Plaintiff was entitled to coverage, Defendant found

one, single case that supported its denial of Plaintiff's UIM claim . . . and stopped its inquiry completely." *Id.* at 12.

Mr. Drake's complaint does not include an allegation that his counsel sent Amerisure out-of-state precedent that supported Mr. Drake's claim for UIM benefits.[5] *See* Docket No. 54. Moreover, Mr. Drake provides no support for the proposition that it is unreasonable for an insurance provider to rely on a District of Colorado order interpreting Colorado law, instead of case law from other jurisdictions, to determine that Mr. Drake was not entitled to UIM benefits under Colorado law.

In addition, Mr. Drake claims that it was unreasonable for Amerisure to rely on *Ward* because the Tenth Circuit reversed the district court's ruling on June 22, 2023. Docket No. 60 at 11-12; *see also Ward v. Acuity*, 2023 WL 4117502, at *1 (10th Cir. June 22, 2023). Mr. Drake maintains that, "[e]ven after the [Tenth Circuit's] *Ward* decision, Defendant still refused to tender policy limits or further investigate Plaintiff's claim." Docket No. 60 at 12; Docket No. 54 at 4, ¶ 20 ("Defendant maintained its position that Plaintiff was not entitled to UIM benefits because he had also obtained workers' compensation benefits.").

Mr. Drake appears to be arguing that, once the Tenth Circuit overruled the district court in *Ward*, Amerisure should have paid Mr. Drake's claim before waiting for the Colorado Supreme Court's decision in *Klabon*. However, the allegations in Mr. Drake's complaint make clear that Amerisure denied Mr. Drake's claim based on both the *Martin*

---

[5] Mr. Drake's response fails to include citations to the out-of-state precedent he sent to Amerisure. *See* Docket No. 60 at 5. Instead, the citations are included in a letter that Mr. Drake attaches to his response. *See* Docket No. 60-7. Because the letter is not mentioned in the complaint, the Court will not consider it. *See Waller*, 932 F.3d at 1282.

and the *Ward* decisions.  Docket No. 54 at 3-4, ¶ 19.  Because Mr. Drake fails to show that it was unreasonable for an insurance provider to rely on a recent state district court opinion interpreting Colorado law to deny Mr. Drake's claim, Mr. Drake has not shown that Amerisure lacked a reasonable basis to continue to deny his claim after the Tenth Circuit's *Ward* decision.  Moreover, the Court takes judicial notice of the fact that the Colorado Supreme Court accepted the certification of the question of law in *Klabon* on June 6, 2023, before the Tenth Circuit's ruling in *Ward*.  *See Klabon*, 2023SA142 (June 6, 2023); Docket No. 33-4.  Mr. Drake provides no support for the proposition that it was unreasonable for Amerisure to wait until the Colorado Supreme Court definitively answered the question of whether an insured is entitled to both UIM benefits and workers' compensation before paying Mr. Drake's claim.

Mr. Drake's complaint alleges Amerisure violated its duty of good faith and fair dealing by misrepresenting pertinent Colorado law, refusing to conduct a reasonable investigation based on available facts and law, not attempting to effectuate settlement of Mr. Drake's claim after liability had become reasonably clear, and compelling Mr. Drake to institute litigation to recover UIM benefits.  Docket No. 54 at 6-7, ¶¶ 33(A), 33(D)-(F). These allegations are based on the proposition that it was unreasonable for Amerisure to rely on *Ward* and *Martin* to deny Mr. Drake's claim for UIM benefits.  *Id.* at 3-4, ¶ 19. However, the Court finds that, as a matter of law, it was not unreasonable for Amerisure to rely on recent caselaw from Colorado state and federal courts to deny Mr. Drake's claim.  *See Deters*, 2011 WL 222533, at *11 (an insurer's position is not unreasonable when it has been accepted by a judge in the relevant jurisdiction as correct); *Watkins*, 370 S.W.3d at 857 (insurer entitled to summary judgment on bad faith claim where

there was a split of authority as to the proper interpretation of a policy exclusion); *see also Klabon*, 556 P.3d at 799 ("conflicting precedent interpreting and applying the language of the WCA's immunity and exclusivity provisions" had developed). Because Amerisure's denial of Mr. Drake's claim was not "without a reasonable basis," Mr. Drake has failed to state a claim for breach of the duty of good faith and fair dealing based on Amerisure's denial of his claim. *Cooper*, 653 F. Supp. 3d at 878.

### b. Prompt Explanation

Mr. Drake's first claim is also based on Amerisure allegedly failing to promptly provide a reasonable explanation for the denial of Mr. Drake's claim. Docket No. 54 at 6-7, ¶ 33(G). Amerisure's motion to dismiss does not address the portion of Mr. Drake's first claim based on Amerisure's failure to provide Mr. Drake with a prompt explanation for denying his claim. *See* Docket No. 55. Instead, Amerisure relies on the fact that it had a reasonable basis to deny Mr. Drake's claim once it responded to the demand. *Id.* at 13.

Amerisure's duty of good faith and fair dealing extends not only to its obligation not to deny Mr. Drake's claim without a reasonable basis but also on its duty to refrain from unreasonably delaying the resolution of Mr. Drake's claim. *Cooper*, 653 F. Supp. 3d at 878 (insurers may not "unreasonably *delay* or deny payment of a claim for benefits" (emphasis added)). The Court finds that Mr. Drake's first claim for relief plausibly alleges that Amerisure failed to promptly provide a reasonable explanation for its denial of Mr. Drake's claim. The complaint alleges that Mr. Drake made a demand for UIM benefits from Amerisure in May 2022. Docket No. 54 at 2-3, ¶ 14. Mr. Drake alleges that he received a letter explaining Amerisure's denial of his claim on February

1, 2023.  *Id.* 3-4, ¶ 19.[6]  The Court takes judicial notice of the fact that the *Ward*

decision was issued on March 18, 2022, which is before Mr. Drake made his claim for

UIM benefits.  *See Ward*, 591 F. Supp. 3d at 1003; *Gilchrist v. Citty*, 71 F. App'x 1, 3

(10th Cir. 2003) (unpublished) (courts "may take judicial notice of the existence of the

opinions of other courts").  As such, Amerisure's basis for denying Mr. Drake's claim

was present at the time Mr. Drake made his demand for UIM benefits.  Therefore, the

complaint gives rise to the plausible inference that Amerisure's delay was unreasonably

long, given that it was based on a legal, rather than a factual, determination that was

apparent from the time Mr. Drake filed his claim.

The unreasonableness of Amerisure's delay is further supported by Mr. Drake's

allegation that the delay was a violation of industry standards as codified in the Unfair

Claims Settlement Practices Act.  Docket No. 54 at 6-7, ¶ 33; *see also Savio*, 706 P.2d

at 1274 (the reasonableness of an insurer's conduct is determined by industry

standards); *Stoole*, 2018 WL 4923939, at *2 (the Unfair Claims Settlement Practices Act

may be valid evidence of industry standards).  Specifically, § 10-3-1104(1)(h)(XIV)

provides that it is an unfair practice to fail to "promptly provide a reasonable explanation

of the basis in the insurance policy in relation to the facts or applicable law for denial of

---

[6] In Mr. Drake's second claim, he alleges that:

Plaintiff requested that Defendant start evaluating Plaintiff's Claim on May 10th, 2022, by sending Defendant bills and records Plaintiff had accumulated. Defendant did not acknowledge the request.  Defendant failed to evaluate the claim.  Plaintiff did not receive a meaningful response to their demand for evaluation from Defendant until February of 2023.

Docket No. 54 at 9, ¶ 46.  However, Mr. Drake's first claim includes no allegation that Amerisure failed to acknowledge his demand for UIM benefits.  Therefore, the Court will not consider the issue as part of his first claim for relief.

a claim or for the offer of a compromise settlement."  Colo. Rev. Stat. § 10-3-1104(1)(h)(XIV).  Taken together, the allegations in the complaint plausibly allege that Amerisure violated its duty of good faith and fair dealing by its unreasonable delay in providing an explanation for the denial of Mr. Drake's claim.  *See Montmeny v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-3378-WJM-SKC, 2022 WL 1746901, at *4 (D. Colo. May 31, 2022) (denying insurer's motion for summary judgment on statutory and common law bad faith claims because jury could conclude that insurance provider's failure to give an adequate explanation for six months was unreasonable); *see also* 14 Couch on Ins. § 198:47 ("the longer an insurer takes to deny coverage, the more likely a court will find it unreasonable, untimely, or both as a matter of law" (citing *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 369 F.3d 102, 109 (2d Cir. 2004) (finding an insurer's four to five month delay in disclaiming coverage was unreasonable as a matter of law, "particularly where another ground for disclaimer existed"); *Black Bull Contracting, LLC v. Indian Harbor Ins. Co.*, 23 N.Y.S.3d 59 (N.Y. App. Div. 1 2016) (eighty-five day delay in responding was unreasonable); *Zak v. Fidelity-Phenix Ins. Co.*, 216 N.E.2d 113, 115-16 (Ill. 1966) (finding insurer's delay of six months in disclaiming coverage was untimely)); *but see Parts Plus of N.M., Inc. v. Tri-State Ins. Co. of Minn.*, 646 F. Supp. 3d 1373, 1379 (D.N.M. 2022) ("The Court finds that the two-month period between Plaintiffs submitting their claim and Defendant's denial of coverage is reasonable as a matter of law.").  The Court will deny Amerisure's motion to dismiss to the extent that it seeks to dismiss Mr. Drake's first claim for relief based on Amerisure's breach of its duty of good faith and fair dealing for its unreasonable delay in providing an explanation of its coverage decision.

### 2. Statutory Bad Faith

Mr. Drake's first claim for relief is also based on an alleged violation of Amerisure's statutory obligations to Mr. Drake.  Docket No. 54 at 6, ¶ 31 ("Amerisure's continued bad faith denial of UIM benefits established Plaintiff's rights to recover under §10-3-1116(1).").  Mr. Drake's second claim for relief is based on the same cause of action for statutory bad faith.  *Id.* at 9, ¶ 47.  By statute, insurers "shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant."  Colo. Rev. Stat. § 10-3-1115(1)(a).  To state a claim for statutory bad faith breach of an insurance contract, a plaintiff must plausibly allege "(1) the insurer delayed or denied payment of benefits to the insured, and (2) the delay or denial was without a reasonable basis."  *Stewart*, 744 F. Supp. 3d at 1201 (citing *Am. Fam. Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185-86 (Colo. 2018)).  The Court applies the same reasonable basis standard to the portion of Mr. Drake's first claim for relief brought as a statutory bad faith claim as it does to the portion brought as a breach of the duty of good faith and fair dealing.  *See Williams*, 2014 WL 12537030, at *4.

As discussed above, Mr. Drake's first claim for relief does not plausibly allege that Amerisure's denial of his claim for UIM benefits in February 2023 was without a reasonable basis.  Specifically, the Court has found that the *Ward* and *Martin* decisions were a reasonable basis to deny Mr. Drake's claim.  Therefore, Mr. Drake has failed to allege the second element of his statutory bad faith claim, and the Court will dismiss that portion of Mr. Drake's first and second claims based on Amerisure's denial of coverage.

However, the Court has found that Mr. Drake's first claim for relief plausibly alleges that Amerisure unreasonably delayed providing Mr. Drake with an explanation

for why it was denying his claim.  *See Montmeny*, 2022 WL 1746901, at *4 (denying

motion for summary judgment on statutory bad faith claim where a jury could conclude

that insurer violated § 10-3-1104(1)(h)(XIV)); *see also Baker v. Allied Prop. & Cas. Ins.

Co.*, 939 F. Supp. 2d 1091, 1104 (D. Colo. 2013), *as amended* (June 12, 2013)

(applying standards in § 10-3-1104(1)(h) to statutory bad faith claim); *Bonbeck Parker,

LLC v. Travelers Indem. Co. of Am.*, 611 F. Supp. 3d 1115, 1130 (D. Colo. 2020), *aff'd*,

14 F.4th 1169 (10th Cir. 2021) (same).  Mr. Drake's second claim incorporates by

reference all of Mr. Drake's previous allegations.  Docket No. 54 at 8, ¶ 45.  Therefore,

the Court will deny Amerisure's motion to the extent that it seeks to dismiss Mr. Drake's

first and second claims for relief based on its unreasonable delay in providing Mr. Drake

with an explanation for its denial of coverage.  *See Sprague v. State Farm Fire & Cas.

Co.*, No. 23-cv-02523-SBP, 2025 WL 1712913, at *16 (D. Colo. June 18, 2025) ("the

fact that an insurer eventually pays an insured's claims will not prevent the insured from

filing suit against the insurer based on its conduct prior to the time of payment" (quoting

*Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 414 (Colo. 2004)).

> Mr. Drake's second claim also alleges that:
>
> Plaintiff requested that Defendant start evaluating Plaintiff's Claim on May 10th, 2022, by sending Defendant bills and records Plaintiff had accumulated. Defendant did not acknowledge the request.  Defendant failed to evaluate the claim.  Plaintiff did not receive a meaningful response to their demand for evaluation from Defendant until February of 2023."

Docket No. 54 at 8, ¶ 46.  Section 10-3-1104(1)(h)(II) of the Unfair Claims Settlement

Practices Act states that it is an unfair practice to fail "to acknowledge and act

reasonably promptly upon communications with respect to claims arising under

insurance policies."  Colo. Rev. Stat. § 10-3-1104(1)(h)(II).  Mr. Drake alleges that

Amerisure did not initially acknowledge his claim for UIM benefits and did not meaningfully respond to his claim until February 2023.  Docket No. 54 at 9, ¶ 46.  These allegations are plausible, given that the complaint quotes the February 2023 letter at length and the letter nowhere mentions previous communications with Mr. Drake.  *See id.* at 3-4, ¶ 19.  As such, Mr. Drake's second claim for relief plausibly alleges statutory bad faith based on Amerisure's failure to acknowledge Mr. Drake's communication for nine months.  For this additional reason, the Court will deny that portion of Amerisure's motion seeking to dismiss Mr. Drake's second claim for relief based on Amerisure's unreasonable handling of Mr. Drake's claim for UIM benefits.

### B.  Third Claim for Relief

Mr. Drake's third claim for relief is for common law bad faith.  *See* Docket No. 54 at 10.  The third claim for relief incorporates by reference all of Mr. Drake's previous allegations.  *Id.*, ¶ 50.  It alleges that Amerisure acted in bad faith by (1) wrongfully denying Mr. Drake's claim based on an unreasonable interpretation of Colorado law, (2) failing to communicate with Mr. Drake for several months after he first submitted his claim, and (3) unreasonably delaying processing and paying Mr. Drake's claim.  *Id.*, ¶¶ 53-57.

"The requirements of a common law bad faith claim under Colorado law are heightened in comparison to those of a statutory bad faith claim."  *Butman Fam. Inv. Ltd. P'ship v. Owners Ins. Co.*, No. 19-cv-01638-KLM, 2020 WL 1470801, at *8 (D. Colo. Mar. 25, 2020).  To state a claim of common law bad faith, a plaintiff must plausibly allege "not only that the insurer's conduct in processing or denying a valid claim was unreasonable but also that the insurer knew its conduct was unreasonable or

recklessly disregarded the unreasonableness of its conduct." *Cooper*, 653 F. Supp. 3d
at 878; *see also Hyden*, 20 P.3d at 1226.

For the reasons discussed above, the Court finds that Mr. Drake has failed to
state a claim based on Amerisure's allegedly unreasonable interpretation of Colorado
law.  However, Mr. Drake's complaint plausibly alleges that Amerisure failed to
acknowledge and meaningfully respond to Mr. Drake's claim for UIM benefits for nine
months.  The complaint also plausibly alleges that Amerisure did not provide Mr. Drake
with a prompt explanation for its denial of coverage, even though the legal basis for the
denial was apparent at the time Mr. Drake filed his claim.  As such, Mr. Drake's
complaint plausibly alleges the first element of his common law bad faith claim based on
Amerisure's handling of his claim for UIM benefits.

Moreover, the Court finds that the complaint plausibly alleges that Amerisure
knew its conduct was unreasonable or recklessly disregarded the unreasonableness of
its conduct.  The complaint alleges that Amerisure is a foreign corporation licensed to
conduct business in Colorado and that it entered a contract to provide a UIM insurance
policy to Mr. Drake's employer.  Docket No. 54 at 1, 10, ¶¶ 2-3, 52.  Amerisure's
obligations to acknowledge Mr. Drake's claim and to promptly provide an explanation for
its coverage decision are imposed by Colorado statute.  *See* Colo. Rev. Stat. § 10-3-
1104(1)(h).  The complaint plausibly alleges that Amerisure, as a sophisticated entity,
either knew or recklessly disregarded the unreasonableness of its failure to comply with
Colorado law.  Therefore, the Court finds that Mr. Drake's complaint plausibly alleges all
the elements of his common law bad faith claim based on Amerisure's delay in
responding to Mr. Drake's demand for UIM benefits.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Unopposed Motion for Extension of Time to File

Reply Brief in Support of Motion to Dismiss Plaintiff's Second Amended Complaint

[Docket No. 64] is **GRANTED**.  It is further

**ORDERED** that the Motion to Dismiss Plaintiff's Second Amended Complaint

[Docket No. 55] is **GRANTED in part** and **DENIED in part**.

DATED August 20, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge